```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    ESTATE OF ROSHAD MCINTOSH, Deceased,  ) Docket No. 15 C 1920
 4  By Cynthia Lane, Administrator,       )
                                          )
 5                          Plaintiff,    )
                                          )
 6             vs.                        )
                                          )
 7  CITY OF CHICAGO, et al.,              ) Chicago, Illinois
                                          ) December 14, 2015
 8                          Defendants.)    8:30 o'clock a.m.

 9
           TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
10              BEFORE THE HONORABLE AMY J. ST. EVE

11
    APPEARANCES:
12

13  For the Plaintiff:      PEOPLE'S LAW OFFICES
                            BY:  MS. JANINE L. HOFT
14                               MS. SHUBRA OHRI
                            1180 North Milwaukee Avenue
15                          Chicago, Illinois  60622

16
    For the City of Chgo:   CITY OF CHICAGO, DEPARTMENT OF LAW
17                          BY:  MS. MARION C. MOORE
                            30 N. LaSalle St., Suite 900
18                          Chicago, Illinois  60602

19
    For Deft. Sampim:       BORKAN & SCAHILL, LTD.
20                          BY:  MS. WHITNEY N. HUTCHINSON
                            20 South Clark Street, Suite 1700
21                          Chicago, Illinois  60606

22
    For Defts. Zodo, Slechter  CITY OF CHICAGO, DEPARTMENT OF LAW
23  & Bowery:                  BY:  MR. KEVIN R. GALLARDO
                               30 N. LaSalle St., Suite 900
24                             Chicago, Illinois  60602

25
```

```
 1  APPEARANCES (Cont'd):

 2
    Court Reporter:              MR. JOSEPH RICKHOFF
 3                               Official Court Reporter
                                 219 S. Dearborn St., Suite 1232
 4                               Chicago, Illinois  60604
                                 (312) 435-5562
 5

 6              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

 7                     PROCEEDINGS RECORDED BY
                        MECHANICAL STENOGRAPHY
 8                  TRANSCRIPT PRODUCED BY COMPUTER

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

APPEARANCES (Cont'd):

```
 1              THE CLERK:  15 C 1920, Lane vs. City of Chicago.
 2              MS. HUTCHINSON:  Good morning, your Honor, Whitney
 3    Hutchinson on behalf of Officer Sampim.
 4              THE COURT:  Good morning.
 5              MR. GALLARDO:  Good morning, your Honor, Kevin
 6    Gallardo on behalf of the remaining individual defendants.
 7              MS. MOORE:  Good morning, your Honor, Marion Moore on
 8    behalf of the City.
 9              MS. HOFT:  Good morning, your Honor, Janine Hoft and
10    Shubra Ohri for the plaintiff.
11              THE COURT:  Good morning.
12              You are here for status and the motion for an
13    extension of time to complete discovery.  The defendants have
14    brought the motion.
15              What is plaintiff's position on it?
16              MS. HOFT:  Well, your Honor, individual fact
17    discovery was supposed to close Friday.
18              THE COURT:  Correct.
19              MS. HOFT:  And we would like to proceed with policy
20    discovery.  That's the next phase of this case.  We would like
21    to limit the individual fact discovery that's remaining, as
22    well as proceed with policy discovery.
23              We have completed about ten depositions.  Three of
24    the four defendants; three of four police witnesses that we
25    identified back in September.  But we've been unable to agree
```

1  on a date to proceed with the other two police witnesses since
2  September. We have done three -- I think as the motion set
3  out, three -- forensic witnesses, that were noticed by the
4  City or the defendants, and the plaintiff Administrator's dep.
5        However, back in October, the defendants noticed
6  three witnesses that had been identified by the police the
7  night of the shooting, but they never served those
8  individuals. They've never -- we held open dates -- I think
9  it was December 1st, 2nd and 3rd -- to take those depositions.
10 But there was no effort made to produce or serve those
11 witnesses for those dates, as far as we know.
12       THE COURT: Are those the individuals identified in
13 Paragraph 5 of the motion?
14       MS. HOFT: No. Those are additional individuals.
15 Three additional civilian witnesses were identified by the
16 plaintiff. One of those three, a Lewis Nettles, was
17 identified in our 26(a) disclosures back in July. Two others
18 were identified when they came to our attention a month ago.
19 And those are the three that the defendants noticed for
20 outside of the current discovery cutoff date.
21       THE COURT: So, if I hear you correctly, you are not
22 objecting to the remaining party being deposed? It looks like
23 there is one party who has not been deposed.
24       MS. HOFT: That's correct.
25       THE COURT: So, you are not objecting to that.

1           You are not objecting to the three Illinois State
2  Police scientists?
3           MS. HOFT:  Those have been completed.
4           THE COURT:  Those are all done.  Okay.
5           MS. HOFT:  There's a medical examiner --
6           THE COURT:  You are not objecting to the medical
7  examiner's deposition?
8           MS. HOFT:  We are not.  That was scheduled and I
9  believe Mr. Jebson's wife was having a baby.  So, we learned
10 the night before that it was going to be canceled.  But it was
11 set for November 9th and hadn't been rescheduled.  We didn't
12 know if they were going to proceed with it or if they decided
13 not to take the medical examiner's deposition.
14          THE COURT:  What about Officer Vaulkner and Officer
15 Stauton?  I assume you want to take those depositions.
16          MS. HOFT:  And we noticed them within the discovery
17 cutoff time; yes.
18          THE COURT:  Okay.
19          And, then, there were three additional 26(a)(1)
20 witnesses who you disclosed on November 17th.  Are you
21 objecting to any of those depositions?
22          One of the individuals, it looks like, was unable to
23 sit before the close of discovery.
24          MS. HOFT:  Well, he was noticed for outside the
25 discovery date, and he did indicate that on that date outside

1  the discovery, he could not appear.  His name is Loren Marks.
2  He was one of the two identified a month ago.  Lewis Nettles,
3  however, was noticed outside of the discovery time.  He had
4  been identified in our 26(a)'s back in July.
5           THE COURT:  It looks like there were two other
6  eyewitnesses who were identified near November 17th, 2016.
7           MS. HOFT:  Yes, it was Loren Marks and Alonzo.
8           THE COURT:  Who is the third?
9           MS. HOFT:  Lewis Nettles was the third that they
10 noticed for outside of the discovery time.
11          THE COURT:  But you said he was identified earlier.
12 I am trying to --
13          MS. HOFT:  Yes.
14          THE COURT:  -- figure out who were the three that you
15 identified in your November 17th disclosures.
16          MS. HOFT:  And maybe the confusion is that's the way
17 I read the defendant's motion also, but that's not accurate.
18 We only identified two additional civilian witnesses in
19 November.
20          THE COURT:  And one of them was Loren Marks and the
21 other one was Alonzo?
22          MS. HOFT:  Correct.
23          THE COURT:  So, you are not objecting to their
24 depositions being taken?
25          MS. HOFT:  Well, they were noticed outside of the

1  discovery time period; so, yes, we are.  And we're objecting
2  to Lewis Nettles since he was identified back in July.
3          THE COURT:  And, then, is there anyone else who you
4  are seeking to depose outside of the time period?
5          Who wants to take this?
6      (No response.)
7          THE COURT:  Somebody has got to answer.
8          MR. GALLARDO:  Outside of the time period, I don't
9  think there's anyone else other than who's been identified,
10 your Honor.
11         THE COURT:  So, it looks like there is an objection
12 to the three individuals:  Nettles, Marks and Alonzo.
13         Do you want to address that?
14         MS. HUTCHINSON:  Yes, your Honor.  With respect to
15 Nettles -- Mr. Nettles -- while plaintiff's correct he was
16 originally identified in July, our office -- I represent
17 Officer Sampim.  We didn't come in until, I believe, early
18 October in this, at which point I know prior to our coming in,
19 we've been attempting to locate and serve Mr. Nettles.  This
20 has been ongoing for several months of our attempting to serve
21 him to have him sit for a deposition.
22         Regarding the other two --
23         THE COURT:  Have you located him?
24         MS. HUTCHINSON:  I believe Mr. Nettles, no.  We've
25 been still attempting to.  We've been having our investigator

```
 1   go back daily at this point.
 2              THE COURT:  Did you provide them with an address -- a
 3   last --
 4              MS. HOFT:  Yes, we did.
 5              THE COURT:  -- known address?
 6              Have you checked out that address?
 7              MS. HUTCHINSON:  We've been going to the home and
 8   he's avoiding us.
 9              THE COURT:  Are you in touch with Mr. Nettles?
10              MS. HOFT:  We are, your Honor.
11              THE COURT:  Do you know if he will accept a subpoena?
12              MS. HOFT:  We believe he will.
13              THE COURT:  Okay.
14              And, then, about Loren Marks?
15              MS. HUTCHINSON:  The other two have been personally
16   served.  Loren Marks was the individual who -- Lawrence Marks
17   was the individual who cannot -- provided dates outside the
18   close of discovery.
19              THE COURT:  Did you ask him if he could sit during
20   the discovery period?
21              MS. HUTCHINSON:  I don't believe our office was
22   actually available.  We are currently on a -- at this point,
23   we have one attorney out of the six of us on maternity leave.
24   We have two attorneys currently trying a case in front of
25   Judge Ellis, which is looking like it's going to be a two- to
```

1  three-week trial.  So, we just don't have the manpower to be
2  able to sit during that period, and that was part of the
3  problem.
4         When we did come in in October, all of the dates for
5  depositions were scheduled at that point and we didn't move a
6  single date.  We shuffled around and did everything we could
7  do, except for Officer Sampim, who we represent.  And that was
8  the only one we asked to move.  And that's part of the
9  conflict with us.
10        THE COURT:  Does anybody else want to add anything?
11        MR. GALLARDO:  No, your Honor.
12        THE COURT:  Ms. Hoft?
13        MS. HOFT:  There are three additional witnesses who
14 were noticed by the City.  Those were the three who were
15 identified the night of the shooting by the police.  And we do
16 object to proceeding with their depositions.  They were
17 noticed but never produced, never served, as far as we know.
18 And that's Curtis and Shardell Washington, though I don't
19 think they're related, and Jerry Martin.
20        THE COURT:  I am assuming you do not want to take
21 their depositions, because when I asked if there was anybody
22 else, you said no.
23        MR. GALLARDO:  I'm sorry, that --
24        MS. HUTCHINSON:  That was not my --
25        MR. GALLARDO:  -- was my fault.

1             MS. HUTCHINSON:  I apologize.

2             MR. GALLARDO:  I apologize, your Honor.  That was my

3    fault.

4             Those individuals -- speaking with Mr. Jebson on

5    Friday, it's my understanding we've been unable to locate them

6    and that's what the problem has been with those individuals

7    and why they were not originally served and why they didn't

8    sit for their depositions.

9             THE COURT:  What efforts have been taken to identify

10   those three individuals -- to identify where they are?

11            MR. GALLARDO:  We have our investigator trying to

12   track down addresses.  I believe doing skip traces, if I'm

13   correct.  My understanding, based on speaking with Mr. Jebson

14   on Friday, is that we at this point have not been able to

15   locate current addresses for them.

16            THE COURT:  Ms. Hoft, do you know where those three

17   individuals are?

18            MS. HOFT:  We do not, your Honor.

19            THE COURT:  Do you have any --

20            MS. HOFT:  We have not been able to find them either.

21            THE COURT:  Have you been attempting to locate those

22   three individuals, as well?

23            MS. HOFT:  We did, back when they were noticed.  I

24   think it was in September.  We haven't in the last six or

25   eight weeks.

Case: 1:15-cv-01920 Document #: 116 Filed: 10/25/16 Page 11 of 15 PageID #:690

11

1        THE COURT: Okay.

2        I will grant the request to extend discovery. This
3   is the first request. I do not see any prejudice, especially
4   in light of the difficulty of locating some of these
5   witnesses. It is a 60-day extension, so you should complete
6   it within 60 days.

7        February 16th fact discovery will close. As to
8   Mr. Nettles, if you could, Ms. Hoft, please facilitate, to the
9   extent you can, his acceptance of a subpoena or a scheduling
10  of a deposition date, that would be appreciated.

11       What else in terms of status, and what about
12  settlement discussions?

13       MS. HOFT: Your Honor, we tendered a demand back in
14  September. September 14th we tendered our demand. We've
15  heard no response.

16       We would also like to proceed with expert discovery.
17  We have some outstanding discovery that we've requested of the
18  City as a result of testimony given by the individual
19  defendants in their depositions. That was due, I think, on
20  the 28th. And I understand the City needs an additional time
21  to produce that.

22       But we do want to go forward with the policy
23  discovery.

24       THE COURT: Expert or policy? I heard two different
25  things. Your expert disclosures are not due until January

```
 1   30th.  That is what I set back in April.
 2           MS. HOFT:  Okay.
 3           THE COURT:  Which are you talking about, expert or
 4   policy or both?
 5           MS. HOFT:  Well, I think we'd like to proceed with
 6   both.
 7           THE COURT:  Okay.
 8           MS. HOFT:  And I think we could probably -- you said
 9   that date was January 30th?
10           THE COURT:  Yes.
11           MS. HOFT:  I would like to stay with that for expert
12   discovery.
13           THE COURT:  Your disclosures are due then.  So, if
14   you think you can meet that date, you certainly should.
15           MS. MOORE:  If I may comment on that, your Honor, on
16   behalf of the City for the Monell claim, we have not done
17   Monell discovery, pursuant to your Honor's order.  We were
18   waiting until discovery on the individuals was wrapped up.
19           So, there are some requests that the City will need
20   to answer.  The City will likely be disclosing some witnesses.
21   So, to the extent that this February 16th would include
22   Monell, as well, we may need more time than just 60 days to do
23   all of Monell discovery.  And I don't -- from my perspective,
24   experts as to the individual claims, that's fine.  However, if
25   Monell discovery is not wrapped up, I would suggest moving at
```

1  least the expert -- Monell expert discovery until Monell
2  discovery is finished.
3          THE COURT: I am guessing, Ms. Hoft, that you will
4  not be in a position to make your Monell disclosures -- expert
5  disclosures -- by the end of January.
6          MS. HOFT: We would like to. I mean, we don't
7  think --
8          THE COURT: Don't you need a little discovery for
9  that, though?
10         MS. HOFT: Well, we would like to proceed with that.
11 We'd like the City to respond to the requests that we made way
12 back when and the additional requests based on the individual
13 defendants' deposition testimony about training videos on
14 shootings that they watch prior to the shooting and
15 documentation like that. Additionally, a 30(b)(6) witness or
16 two.
17         And I don't know how much more we would need to do
18 beyond that.
19         THE COURT: Okay.
20         I am going to lift the bifurcation on the Monell
21 discovery and you should proceed with Monell discovery. I
22 will leave the expert schedule in place, but I'm guessing,
23 Ms. Hoft, you are going to ask for more time on your Monell
24 experts. If you can meet the deadline, great; but I will
25 leave that in place for now.

1  Why don't you come back here shortly before your
2  expert disclosures are due.
3  The end of January, Katie.
4  THE CLERK: January 25th at 8:30.
5  THE COURT: I am also going to direct you, now that
6  you are deep into fact discovery, to meet and confer with
7  respect to settlement. And when you come back in January,
8  please let me know if there is any interest in going to see
9  Magistrate Judge Finnegan for a settlement conference; and I
10 am happy to put a referral through.
11 Is there anything else this morning, for status or
12 otherwise?
13 MR. GALLARDO: No, your Honor. I just wanted to
14 apologize. I believe at the last hearing no one showed up on
15 behalf of defendants. There was a miscommunication on our
16 part as to who would be covering the hearing and,
17 unfortunately, no one showed up. I will make sure that does
18 not happen again, and I apologize.
19 THE COURT: Let's make sure. There are three of you
20 at least. So, let's make sure --
21 MR. GALLARDO: Right.
22 THE COURT: -- that does not happen again.
23 Thank you.
24 MS. HOFT: Thank you, your Honor.
25 MR. GALLARDO: Thank you, your Honor.

1     MS. MOORE:  Thank you, Judge.

2            *    *    *    *    *

3

4  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
5

6

   /s/ Joseph Rickhoff                    October 11, 2016
7  Official Court Reporter