```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3  ESTATE OF ROSHAD McINTOSH,       )
    deceased, by Cynthia Lane,       )
 4  Administrator,                   )
                                     )
 5            Plaintiff,             )
                                     )
 6    v.                             ) No. 15 C 1920
                                     )
 7  CITY OF CHICAGO, CHICAGO POLICE  )
    OFFICERS SLECHTER, Star #4924,   )
 8  SAMPIM, Star #19641, ZODO, Star  )
    #1561, and BOWERY, Star #11973,  ) Chicago, Illinois
 9                                   ) June 13, 2018
              Defendants.            ) 9:30 a.m.
10
                      TRANSCRIPT OF PROCEEDINGS
11             BEFORE THE HONORABLE JORGE L. ALONSO

12  APPEARANCES:

13  For the Plaintiff:        ACTION INJURY LAW GROUP, LLC
                              BY: MR. ANDREW MARTIN STROTH
14                            191 North Wacker Drive
                              Suite 2300
15                            Chicago, Illinois  60606
                              (312) 735-4045
16
                              ROMANUCCI & BLANDIN, LLC
17                            BY: MR. ANTONIO MAURIZIO ROMANUCCI
                                  MR. BRYCE THOMAS HENSLEY
18                            321 North Clark Street
                              Suite 900
19                            Chicago, Illinois  60654
                              (312) 458-1000
20
                              ODIM LAW OFFICES
21                            BY: MR. CARLTON E. ODIM
                              225 West Washington Street
22                            Suite 2200
                              Chicago, Illinois  60606
23                            (312) 578-9390

24

25
                    Nancy C. LaBella, CSR, RDR, CRR
                         Official Court Reporter
                  219 South Dearborn Street, Room 1224
                        Chicago, Illinois  60604
                             (312) 435-6890
                        NLaBella.ilnd@gmail.com
```

```
 1  APPEARANCES:  (Continued)

 2  For the Defendant           ROCK FUSCO CONNELLY LLC
    City of Chicago:            BY:  MR. PATRICK R. MORAN
 3                              321 North Clark Street
                                Suite 2200
 4                              Chicago, Illinois  60654
                                (312) 494-1000
 5
    For the Defendants          CITY OF CHICAGO
 6  Slechter, Zodo, and         DEPARTMENT OF LAW
    Bowery:                     BY:  MR. JASON MICHAEL MARX
 7                              30 North LaSalle Street
                                Suite 900
 8                              Chicago, Illinois  60602
                                (312) 744-5890
 9
    For the Defendant           BORKAN & SCAHILL, LTD.
10  Sampim:                     BY:  MS. WHITNEY NEWTON HUTCHINSON
                                20 South Clark Street
11                              Suite 1700
                                Chicago, Illinois  60606
12                              (312) 580-1030

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1      (Proceedings had in open court:)
 2              THE CLERK:  15 C 1920, Lane v. City of Chicago.
 3              MS. HUTCHINSON:  Good morning, your Honor.  Whitney
 4   Hutchinson on behalf of Officer Sampim.
 5              MR. MORAN:  Good morning, Judge.  Pat Moran on behalf
 6   of the City of Chicago.
 7              MR. STROTH:  Good morning, Judge.  Andrew Stroth on
 8   behalf of the plaintiff.
 9              MR. ODIM:  Carlton Odim on behalf of the plaintiffs.
10              MR. ROMANUCCI:  Good morning, your Honor.  Tony
11   Romanucci and Bryce Hensley from Romanucci & Blandin, also
12   representing plaintiffs.
13              MR. MARX:  And Jason Marx on behalf of the defendant
14   officers, except for Officer Sampim.
15              THE COURT:  Okay.  Welcome, everybody.
16              The case was recently transferred from Judge
17   St. Eve's call, and a schedule -- a revised schedule was set
18   out.  We are in the middle of experts, expert discovery; is
19   that correct?  Or is it wrapped up?
20              MR. STROTH:  So, Judge, we have completed fact
21   discovery and expert discovery.  The one important issue in
22   this case is that COPA, formerly IPRA, reopened the
23   investigation of this fatal shooting case based on flaws that
24   they identified in the investigation.  And, specifically,
25   Judge, it was a failure to interview necessary witnesses,
```

1   including the Chicago medics who arrived on the scene, as well
2   as discrepancies between the video evidence regarding the
3   location of the officers when the shooting occurred relative
4   to the sworn testimony of those defendant officers.  And those
5   discrepancies were highlighted in a very high profile
6   three-part series on CNN called Beneath the Skin.  And as part
7   of that and part of the COPA investigation, one of the
8   officers is under a Rule 14 violation for making false
9   statements.
10          Fast forward to today, it's our understanding that
11  COPA has re-interviewed the officers.  It's also our
12  understanding that they re- -- they interviewed the medics.
13          We haven't seen anything from COPA yet.  It's our
14  understanding that COPA's investigation will be complete by
15  this fall.  And, you know, what we want the Court to know is
16  that when those materials are available, we want to see what
17  COPA's findings are.  And so we want to ask the Court that
18  discovery be subject to reopening based on these materials
19  developed during the COPA reinvestigation.  And, furthermore,
20  that the dispositive motions would be due after we've had a
21  chance to see COPA's reinvestigation.  We know Judge St. Eve
22  has set a place marker as October for the motion for summary
23  judgment, and that could potentially need to be moved.
24          MR. MORAN:  So, Judge, I'm not sure what CNN has to
25  do with this.  But, you know, COPA did reopen the

1 investigation, not necessarily because of flaws, but it is
2 doing another investigation.
3 　　　　　The deadline right now for summary judgment may not
4 need to be moved. Counsel tells me from his communications
5 with COPA that they're going to return findings in August.
6 　　　　　MR. STROTH: We don't know if that's true.
7 　　　　　MR. MORAN: Right. But this is what at least has
8 been represented so far.
9 　　　　　There may not be a need for additional discovery or
10 there may be a need for limited discovery, depending on what
11 COPA finds. So I don't know that we need to open the door for
12 full-blown discovery just yet. I think we should wait and see
13 what COPA actually does with this reinvestigation. Certainly
14 information will have to be turned over, you know, once that
15 information is provided back from COPA. So I think we should
16 keep the summary judgment deadline as is and come back in
17 August, maybe at the end of August, and see where we stand as
18 far as the COPA investigation.
19 　　　　　THE COURT: Is anyone taking a position other than
20 the position that we should wait for COPA?
21 　　　　　MR. MORAN: I don't --
22 　　　　　MS. HUTCHINSON: Sorry?
23 　　　　　THE COURT: Does everyone agree that we should wait
24 for a determination by COPA?
25 　　　　　MS. HUTCHINSON: I agree with counsel for the City

1  that it would be premature right now to move any deadlines or
2  anything to that effect.
3              As far as the underlying officers go, the facts
4  regarding the claims at issue shouldn't be affected
5  necessarily by the COPA investigation.  I think it's just
6  premature at this point to assume that they automatically are,
7  to reopen discovery, to move deadlines.  I think with a
8  deadline for summary judgment in October, with a case that's
9  been pending for this long, I think it makes sense -- I
10 agree -- to come back in late August and assess.
11             MR. MORAN:  And, Judge, just to give you a little
12 background, this shooting occurred behind a building.  And it
13 started -- the incident itself started out in front of the
14 building.  A chase ensued to the back of the building.  Two
15 officers were present in the back of the building when the
16 shooting occurred.  The other officers were nowhere near the
17 shooting, probably 50 feet away, somewhere in front of the
18 building at the time.  So a number of these officers are going
19 to have an argument on summary judgment that there's no
20 personal involvement in the actual incident, the shooting
21 itself.  That part of the summary judgment doesn't really need
22 to wait on COPA's findings, even assuming the one officer that
23 they're talking about under the Rule 14 violation -- let's
24 assume that they do impose a Rule 14 violation on him; he was
25 not close to the shooting.  He could not have affected the

1  outcome one way or the other.  That officer's ability to bring
2  a summary judgment motion should not be affected by what COPA
3  does.
4         MR. ROMANUCCI:  Your Honor, if I may just weigh in.
5  All of that may be well and good, but there's a Monell claim
6  here.  So with that Monell claim, whether or not those other
7  officers are consistent or inconsistent is not germane to the
8  entirety of the case.  I think it would be inappropriate to
9  bifurcate a motion for summary judgment for some officers and
10 not the others when we don't know what the COPA investigation
11 is going to show.  And, clearly, that could be the question of
12 fact that we're all waiting for that could be dispositive one
13 way or the other of the MSJ.
14         MR. MORAN:  Right.  But whether the Monell claim --
15 this doesn't impact the Monell claim.  That officer -- whether
16 that officer lied or not is something that can be brought into
17 evidence without that officer actually being a party to the
18 case.  All we're talking about is an individual officer's
19 right to bring a motion for summary judgment based on the
20 facts that are unchanged by COPA.
21         THE COURT:  But getting back to what's actually
22 before me today, no one today is asking to set down a motion
23 before October 1st, right?
24         MR. MORAN:  Correct.
25         MR. MARX:  Correct.

1             THE COURT:  Everyone is asking to come back in
2   August?
3             MR. ROMANUCCI:  Right.
4             THE COURT:  I was curious about that date of October
5   1st.  Does that mean that Judge St. Eve had already heard
6   about COPA's investigation reopening?
7             MR. MORAN:  Correct.
8             MR. STROTH:  She had heard about it, and that's why
9   she did give some extension; but we didn't know the timing.
10            THE COURT:  Okay.  Let's come back here -- for now
11  discovery is closed.  All discovery is closed.  No motion to
12  reopen at this point.  Perhaps there will be a motion.
13  Perhaps it will be agreed or not agreed.  But let's come back
14  here in mid-August to see if we have more --
15            MR. MORAN:  I think late August --
16            MR. STROTH:  Probably late August.
17            THE COURT:  Late August?
18            MR. STROTH:  Yes.
19            THE CLERK:  August 29th, 9:30.
20            THE COURT:  All right.  Thank you, all.
21            MR. STROTH:  Thank you, your Honor.
22            MR. MARX:  Thank you.
23            MR. ROMANUCCI:  Thank you, your Honor.
24            MR. MORAN:  Thank you, your Honor.
25            MS. HUTCHINSON:  Have a good day.

1         THE COURT: You too.

2   (Which were all the proceedings heard.)

3             * * * * *

4

5 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

6

7

*/s/ Nancy C. LaBella*            *September 20, 2019*
8 Official Court Reporter